**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>PLEX, INC.,<br><br>         Defendant. | Case No. 2:16-cv-404-RWS<br><br>JURY TRIAL DEMANDED |

### **PLEX, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Plex, Inc. ("Plex") hereby answers Rothschild Broadcast Distribution Systems, LLC's ("Rothschild") Complaint for Patent Infringement ("Complaint") as follows:

### **PARTIES AND JURISDICTION**

1. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Plex admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Plex acknowledges that the Complaint seeks injunctive relief and damages. Plex denies all allegations that Plaintiff is entitled to any relief requested. Except as expressly admitted, Plex denies any remaining allegations of paragraph 1.

2. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Plex admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, Plex denies any remaining allegations of paragraph 2.

3. Plex lacks sufficient information to form a belief as to the truth of any remaining allegations recited in this paragraph, and on that basis denies them.

4. Admitted.

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Plex does not dispute that this Court has personal jurisdiction over it with respect to the instant action only. Plex admits that it has conducted business in the state of Texas. Plex denies that it has committed any act of infringement. Except as expressly admitted, Plex denies the remaining allegations of paragraph 5.

6. Plex admits that it has conducted business in the Eastern District of Texas. Plex denies that it has committed any act of infringement. Except as expressly admitted, Plex denies the remaining allegations of paragraph 6.

## VENUE

7. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Plex denies that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Plex denies that venue in this district is convenient pursuant to 28 U.S.C. § 1404(b). By filing this Answer, Plex does not waive any argument that venue is improper or inconvenient in this District. Plex denies that it has committed any act of infringement. Except as expressly admitted, Plex denies the remaining allegations of paragraph 7.

## COUNT ONE
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,856,221

8. Plex incorporates by reference its responses to paragraphs 1-7 above as if fully set forth herein.

9. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Plex admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271. Except as expressly admitted, Plex

denies any remaining allegations of paragraph 9.

10. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore denies them.

11. Plex admits that U.S. Patent No. 8,856,221 ("the '221 patent") bears a title of "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment." Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 8,856,221 ("the '221 patent"). Plex is without knowledge or information sufficient to form a belief as to the truth of any other allegations set forth in paragraph 11, and therefore denies them.

12. Denied.

13. Denied.

14. Plex admits that it offers a feature called "Plex Pass." Plex denies that it has committed any act of infringement. Except as expressly admitted, Plex denies the remaining allegations of paragraph 14.

15. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and therefore denies them.

16. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies them.

17. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies them.

18. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies them.

19. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies them.

20. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore denies them.

21. Plex is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 21, and therefore denies them.

22. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore denies them.

23. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and therefore denies them.

24. Denied.

25. Denied.

26. Plex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26, and therefore denies them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Plex incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Plex denies all allegations that Plaintiff is entitled to any relief requested in paragraphs a-e of the Complaint's Prayer for Relief, or any other relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Plex asserts the following defenses to the Complaint and reserves its right to assert additional defenses.

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Plex does not infringe and has not infringed any claim of the '221 patent.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

One or more of the claims of the '221 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

Plaintiff's claims are barred, in whole or in part, by estoppel, laches, acquiescence, prosecution laches, waiver, unclean hands, and/or other equitable defenses.

### FIFTH AFFIRMATIVE DEFENSE – 35 U.S.C. § 287

Plaintiff's claim for costs is barred, in whole or in part, by 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE – IMPROPER VENUE

Plex reserves the right to assert that venue is not proper in this judicial district under 28 U.S.C. § 1400(b) because Plex is not incorporated in Texas and lacks a regular and established place of business in this judicial district.

### RESERVATION OF RIGHTS

Plex hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

### **PRAYER FOR RELIEF**

WHEREFORE, Plex prays that this Court enter judgment:

A. In favor of Plex, and against Plaintiff, thereby dismissing Plaintiff's Complaint in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B. That Plex has not infringed, and is not now infringing, any valid claim of the '221 patent, under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the '211 patent are invalid and/or unenforceable;

5

D.	That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay Plex's reasonable attorneys' fees incurred in this action;

E.	That Plaintiff pay all costs incurred by Plex in this action; and awarding Plex all other relief that the Court deems just and proper.

Dated: June 30, 2016                                              Respectfully submitted,

OF COUNSEL:                                                       By: */s/ Heidi L. Keefe*
Heidi L. Keefe (CA Bar 178960)
COOLEY LLP                                                        Deron R. Dacus
3175 Hanover Street                                               Texas Bar No. 00790553
Palo Alto, CA 94304                                               THE DACUS FIRM, P.C.
hkeefe@cooley.com                                                 821 ESE Loop 323, Suite 430
mweinstein@cooley.com                                             Tyler, TX 75701
                                                                  Tel:	(903)705-1117
                                                                  Fax:	(903) 705-1117
                                                                  ddacus@dacusfirm.com

                                                                  *Attorneys for Defendant Plex, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on June 30, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this dame same date.

*/s/ Heidi L. Keefe*
Heidi L. Keefe